UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20128-CR-MARTINEZ/TORRES

UNITED STATES OF AMERICA

vs.

ANDRE PHILLIP SCOTT
a/k/a "Dread,"

Defendant.
_____/

**FACTUAL PROFFER**

The United States of America and Andre Phillip Scott (the "Defendant") agree that had this case gone to trial, the United States would have proven beyond a reasonable doubt the following facts, which occurred in the Southern District of Florida.

On October 15, 2019, the Defendant was inside a shed where he lived, located in the back yard of a residential property in Miami, Florida. A confidential source driven to the front of that property by an undercover police officer walked up to a fence on the east side of the property that divided the front and back yards. The confidential source called out to the Defendant over the fence. The Defendant emerged from the shed and approached the confidential source, who asked to purchase narcotics. The Defendant then crossed the back yard, reached behind a fence on the west side of the back yard, and retrieved cocaine base. The Defendant then returned to the confidential source and accepted $20 in investigative funds in return for the cocaine base.

Two days later, authorities executed a lawfully obtained search warrant at the same property where the Defendant had sold cocaine base to the confidential source. At the outset of the search, authorities arrested the Defendant, who was inside the shed in the back yard. Hidden behind

the same fence on the west side of the back yard where the Defendant had retrieved the cocaine base to sell to the confidential source two days earlier, authorities recovered 35 individually-packaged pieces of cocaine base, a 38 caliber Amadeo Rossi revolver bearing serial number D412025, a .22 caliber rifle bearing serial number A322494 with a barrel of 2.0625 inches in length, and ten live rounds of .38 caliber ammunition. The firearms and ammunition were manufactured outside of Florida and traveled in interstate commerce.

After knowingly and voluntarily waiving his *Miranda* rights, the Defendant admitted that he was a convicted felon, had bought the .38 caliber revolver and .22 caliber rifle in 2018, and kept both firearms for protection. The Defendant knew the .22 caliber rifle had a barrel length of less than 16 inches and had not registered this firearm in the National Firearms Registration and Transfer Record. Before October 17, 2019, the Defendant had been convicted of felony offenses in violation of Florida law and had not had his rights to possess firearms or ammunition restored.

These are not the only facts known to the United States in this matter, nor are they all the facts the United States would have presented had this case gone to trial. The parties stipulate that these facts prove Counts 1, 2, 4, and 5 of the indictment beyond a reasonable doubt.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 7/29/2020    By: _____
KIRAN N. BHAT
ASSISTANT UNITED STATES ATTORNEY

Date: 7/27/2020    By: _____
ERIC COHEN
COUNSEL FOR DEFENDANT

Date: 07/20/2020   By: _____
ANDRE PHILLIP SCOTT
DEFENDANT

2