UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-20128-CR-MARTINEZ

UNITED STATES OF AMERICA,
        Plaintiff,

v.

ANDRE PHILLIP SCOTT,
        Defendant.
_____/

### DEFENDANT SCOTT'S SENTENCING MEMORANDUM

The Defendant, Andre Scott, through undersigned counsel, files this memorandum to assist the Court in fashioning a sentence that is "sufficient, but not greater than necessary, to comply" with the objects of sentencing codified in 18 U.S.C. §3553(a) (§3553(a)), and states that:

As part of the negotiations that culminated in the government's decision to dismiss Count 3 of the instant Indictment, and therefore reduce Mr. Scott's sentencing exposure, the Defendant agreed not to request that the Court vary downward from the resulting advisory sentencing range. PSI at ¶ 6. As that range spans more than three years,[1] Mr. Scott is submitting this memorandum to support his position that a sentence at the very bottom – 151 months or twelve (12) years and seven (7) months imprisonment – is more than sufficient to satisfy §3553(a)'s mandates.

---

[1] The Probation Office has calculated that range to be 151 months to 188 months incarceration. PSI at ¶ 71.

1

Without objection, the Probation Office concludes that Mr. Scott qualifies as a career offender pursuant to U.S.S.G. §4B1.1 (§4B1.1).[2] PSI at ¶ 30. However, the two prior state convictions that support that designation – both for possessing with intent to sell street level amounts of marijuana – are not sufficiently egregious to warrant a sentence greater than 151 months in custody.

In August of 2015, Mr. Scott was confronted by Collier County Sheriff's deputies because his shirt was similar to that worn by a subject in a "suspicious incident" that had been reported to law enforcement.[3] PSI at ¶ 35. When the police approached, the Defendant walked away. As he did, he threw on the ground a plastic bag containing 27.8 grams of marijuana in six (6) smaller bags. A subsequent pat down of his pants pocket revealed another plastic bag with four Xanax pills inside. Mr. Scott admitted that he intended to sell both the Xanax and the marijuana. He was initially sentenced to serve a twelve (12) month term of probation. That probation was later revoked[4] and a sentence of one year in jail was then imposed.

---

[2] His total offense level is therefore 29 rather than 27 and his Criminal History Category is increased from III to VI. Absent the career offender enhancement, the advisory sentencing range would be 87 to 108 months imprisonment.

[3] He was not charged with any offenses related to that incident.

[4] The revocation was not based on any new criminal activity.

Almost four years later, while a search warrant was being executed at the residence that the Defendant shared with others,[5] he was observed seated in the driver's seat of a car parked in the driveway. PSI at ¶ 36. Also found inside the vehicle were a number of baggies containing between five (5) and forty-six (46) grams of marijuana each and a handgun.[6], [7] As before, the Defendant was sentenced to a term of probation which he is alleged to have violated by his involvement in the offenses charged here. Mr. Scott has no other arrests.

Again, Mr. Scott is not contesting that he satisfies §4B1.1's criteria for being a career offender. Nor is he asking the Court to vary downwards from the advisory sentencing range computed in his Presentence Investigation Report. But it should be noted that several courts have criticized §4B1.1 for "frequently creat[ing] unwarranted sentencing uniformity", *United States v. Dixon*, No. 2:16cr16-MHT, 2016 WL 4492843, at *3 (M.D. Ala. Aug. 5, 2016), as it fails to account for the significantly diverse types of behavior that fall within its scope. As explained in *Dixon*, "the career-offender guideline applies identically regardless of whether the defendant's prior convictions were for engaging in a massive heroin-importation conspiracy, armed carjacking, or murder, or, on the other hand, for convictions of

---

[5] On the day that the warrant was executed and on the previous day, a confidential informant had purchased relatively small amounts of marijuana at the premises from someone other than Mr. Scott.

[6] Mr. Scott was not charged with possessing the firearm.

[7] Ammunition and additional substances were discovered inside the residence.

3

first-degree possession of marijuana under Alabama[8] law where the defendant possessed only a small amount of the drug." *Id*. "Thus, if convicted of the same new offense based on the same criminal conduct, a defendant who had two felony convictions for first-degree possession of marijuana under Alabama law – no matter how small the quantity possessed – would receive the same criminal–history category and sentencing range under [§4B1.1] as another defendant with prior convictions for murder and conspiracy to distribute 100,000 kilograms of heroin." *Id*.

The Defendant does not regret entering into the Plea Agreement with the government as he admittedly realized a significant benefit by doing so. He is also not minimizing the significance of his conduct, both past and present, particularly his possession of firearms in February and October of last year which he acquired for his protection. But, as recognized in *Dixon* and elsewhere, the advisory sentencing range here is the same as for similar offenders whose prior convictions involved multiple acts of violence or multiple "massive" drug transactions or a combination of the two. As the seriousness of his prior actions undeniably pales in

---

[8] The court there explained that Alabama's first degree possession of marijuana statute criminalizes possession of any amount not for personal use. *Dixon, supra*, at *1.

comparison to that of those other offenders, a sentence at the lowest end of that range is warranted.[9]

                          Respectfully submitted,

                          MICHAEL CARUSO
                          FEDERAL PUBLIC DEFENDER

BY:   s/ Eric M. Cohen
       Eric M. Cohen
       Assistant Federal Public Defender
       Florida Bar No. 328065
       150 West Flagler Street, Suite 1700
       Miami, Florida 33130-1556
       Tel: 305-530-7000/Fax: 305-536-4559
       E-Mail Address: Eric_Cohen@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2020, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF and has served same via U.S. Mail to those counsel(s) who are not authorized to receive electronically Notice of Electronic Filing.

                          s/ Eric M. Cohen
                          Eric M. Cohen

---

[9] Because of Mr. Scott's history of substance abuse, PSI at ¶¶ 53-58, he asks that the Court recommend that he be enrolled in RDAP during his prison term.